UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE CHURCHILL SHOVE, SR., <br> Plaintiff, <br> v. <br> STATE OF CALIFORNIA, et al., <br> Defendants. | Case No. 24-cv-06287-DMR (PR) <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Plaintiff, who is currently incarcerated at California Health Care Facility, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging constitutional violations that took place at San Quentin Rehabilitation Center ("San Quentin"), formerly known as San Quentin State Prison, where he was previously incarcerated. Plaintiff's application to proceed *in forma pauperis* will be granted in a separate written Order. For the reasons explained below, the complaint is dismissed with leave to amend.

## II. STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III.   LEGAL CLAIMS

According to the complaint, in late August 2022, Plaintiff was taken to the hospital for heart surgery.  Dkt. 1 at 2.  After two days, Plaintiff was transferred back to San Quentin with stints placed into his heart after his heart surgery, and doctors sent written orders for Plaintiff "not to lift anything and maintain complete bedrest for [the] next 10 to 14 days." *Id*. at 3.

On August 29, 2022, Plaintiff "was designated as DPO[1]-Intermittent Wheelchair User Impacting Placement with a Ground Floor-No Stairs restriction." *Id*. at 4.  According to the attachments to the complaint, "[t]he *Armstrong* Remedial Plan requires class members to be housed appropriately based on their restrictions which required [Plaintiff] to move from the second tier to the first tier." *Id*.

On August 30, 2022, Plaintiff was ordered by unnamed San Quentin staff "go upstairs, pack [his] property, move all property to front of cell, as [he was] ordered to be moved to [the] ground floor and reduced to wheelchair permanently." *Id.* at 3.  Plaintiff claims that he showed his

---

[1] "DPO" means Designated Person Overnight and indicates that the "[i]ndividual has severe mobility restrictions but only uses a wheelchair intermittently as an accommodation to ambulate outside of cell/bed area."  *See* https://www.cdcr.ca.gov/law-enforcement-resources/prcs-refresher-training/ (last visited June 30, 2025).

2

"doctor's medical orders" to an unnamed correctional security officer ("CSO") who took the orders to show an unnamed sergeant. *Id.* The unnamed CSO "came back and ordered [Plaintiff] to pack, lift all property to [the] front of [the] cell in 30 minutes of all property, legal work will be placed into [the] trash and [Plaintiff] will be moved with nothing and reissued no state clothing[] or supplies [or] bedding." *Id.* Plaintiff claims that he "had no choice as [he] would . . . be written a rule violation for failure to obey [a] direct order." *Id.* Thus, Plaintiff "complied with the order and did as [the unnamed CSO] requested until he fell and was taken to the [Triage and Treatment Area at the prison hospital], as heart problems then started and 4 heart attacks followed." *Id.* Plaintiff claims that he "suffered a[n] extremely serious set back and [his] heart deteriorated considerably." *Id.* He claims that "[a]s a result [he] suffered several complications as a direct result of this . . . ." *Id.*

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992).

Liberally construed, Plaintiff's allegations could rise to a level of a cognizable deliberate indifference claim. However, he has not identified the "individual defendants whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Naming the State of California and San Quentin (the only named Defendants in this action) alone is not sufficient. *See* Dkt. 1 at 1.

Appropriate defendants would include the unnamed CSO and the unnamed sergeant who ignored Plaintiff's requests to follow medical orders not to lift anything and maintain complete bedrest for the next 10 to 14 days. *See* Dkt. 1 at 3. Plaintiff also must provide names (or other identifying information), as well as dates, times, places, and allegations that plausibly establish liability.

3

1    Plaintiff seems to be naming Doe Defendants under the "Parties" section of the complaint
2    form, as he states that naming defendants was "to be completed after discovery as [he] was not
3    provided names, badge numbers of all parties involved." *Id.* at 2.  As mentioned above, liberally
4    construed, Plaintiff's allegations involving these Doe Defendants appear to state a cognizable
5    deliberate indifference claim.  However, regarding these Doe Defendants, Plaintiff only describes
6    them as a CSO and a sergeant, but does not know their names.  *See id*. at 3.  Although the use of
7    "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*,
8    629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th
9    Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to
10   the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity
11   through discovery to identify the unknown defendants, unless it is clear that discovery would not
12   uncover their identities or that the complaint should be dismissed on other grounds.  *See Gillespie*,
13   629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).  Plaintiff's
14   complaint will be dismissed with leave to amend for Plaintiff to provide to the Court the names of
15   these Doe Defendants or to set forth specific facts describing identifying characteristics of any
16   Doe Defendant.  Failure to do so will result in dismissal of these Doe Defendants without
17   prejudice to Plaintiff filing a new action against him or her.  Accordingly, the complaint is
18   DISMISSED with leave to file an amended complaint correcting the aforementioned deficiencies.

## IV.   CONCLUSION

For the foregoing reasons, the court orders as follows:

1.   Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** Amended Complaint which:

   a.   States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

      i.   Set forth **each claim** in a separate numbered paragraph;

      ii.  Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

4

       iii. Identify the injury resulting **from each claim**;

   b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each Defendant** *before* he filed this action as required by 42 U.S.C. § 1997e(a), or whether such remedies were "unavailable" to him within the meaning of the statute;

   c. **Does not** make conclusory allegations linking each Defendant by listing them as having direct involvement to his claims without specifying how each Defendant was linked through their actions;

   e. **Does not** name any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability; and

   f. **Does not** name any unnamed defendants or Doe Defendants unless Plaintiff can set forth specific facts describing identifying characteristics of any Doe Defendant and showing how each of these Doe Defendants actually and proximately caused the deprivation of a federally protected right, and Plaintiff must also provide to the Court the names of any of these Doe Defendants.

  2. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his Amended Complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. 24-cv-06287 DMR (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the Amended Complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed.

**Plaintiff's failure to file his Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

4.     The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

Dated:  July 3, 2025

_____
DONNA M. RYU
Chief Magistrate Judge